United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-01853-HWV |
| Keith A. Halbleib | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-1 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: Nov 14, 2023 | Form ID: pdf010 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| + | Tracy Lynn Updike, PO Box 11550, South Bend, IN 46634-0550 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2023      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 14, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian C Nicholas | on behalf of Creditor The Money Source Inc. bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| James K Jones | on behalf of Debtor 1 Keith A. Halbleib jkj@cclawpc.com jbartley@cclawpc.com;jlaughman@cclawpc.com;rec@cclawpc.com |
| Joseph R. Baranko, Jr. | on behalf of Creditor Lower Paxton Township Authority josephb@slusserlawfirm.com |
| Martin A Mooney | on behalf of Creditor Westlake Financial Services Martin.Mooney@ag.ny.gov lgadomski@schillerknapp.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| KEITH A. HALBLEIB | : | CASE NO. 1-21-01853-HWV |
| | : | |
| Debtor | : | |

## ORDER

The Interim Application of Mette, Evans & Woodside for allowance of compensation and expenses out of the estate of the Debtor this day coming to be heard, pursuant to notice and opportunity for hearing thereon given by the Court, and the Court having duly considered such Application, together with its supporting papers, and having heard and considered the evidence presented, it is

**HEREBY ORDERED** that the Interim Application of Mette, Evans & Woodside as attorneys for the Debtor for allowance of $962.00 for services and expenses for the period October 28, 2021 to August 28, 2023 is allowed, the amounts claimed being considered fair and reasonable. Mette, Evans & Woodside shall be paid the balance of their Application through the Chapter 13 Plan.

**FURTHER ORDERED** that should this Interim Application cause the Debtor's Chapter 13 Plan to be underfunded, Mette, Evans & Woodside has agreed to waive any fees requested in this Interim Application which would be in excess of the funds held by the Chapter 13 Trustee as part of Debtor's base plan, and therefore the Chapter 13 Trustee should distribute funds as available up to the allowed $962.00.

By the Court,

_Henry W. Van Eck_
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: November 14, 2023